IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 92-5305
(Summary Calendar)
_____

JUAN JAIME MEDINA,

Petitioner,

versus

IMMIGRATION AND NATURALIZATION
SERVICE,

Respondent.

_____

Petition for Review of an Order of
the Immigration and Naturalization Service
_____

(August 26, 1993)

(Opinion June 18, 5th Dir., 1993, _____F.2d_____)

ON PETITION FOR REHEARING

BEFORE KING, DAVIS, and WIENER, Circuit Judges.

BY THE COURT:

IT IS ORDERED that the Petition for Rehearing filed on behalf of Respondent, the Immigration and Naturalization Service (INS), be and hereby is DENIED.

In its petition, the INS reurges with renewed vigor and additional citation its argument that it may collaterally attack an adjudication of citizenship. Despite the INS's additional arguments, we adhere to our panel decision.

We need not repeat the facts of this case, but pause only to summarize. Under the immigration laws, Juan Jaime Medina, born of an American father, was himself an American citizen provided that

he complied with a two year residency requirement. In 1985, an Immigration Judge (IJ) held in an adjudicatory proceeding that Medina had met the statutory requirement, although the IJ applied the incorrect standard. The INS, sharing this error, conceded Medina's citizenship and waived appeal. Two years later, the INS initiated new proceedings against Medina, claiming that he was deportable under § 241(a)(1) of the Immigration and Nationality Act (INA), which provides:

> Any alien in the United States (including an alien crewman) shall, upon order of the Attorney General, be deported whoSQ(1) at the time of entry was within one or more of the classes of aliens excludable by the law existing at the time of such entry.

In our panel opinion we held that the subsequent proceeding was precluded by res judicata.

Few legal doctrines are more intrinsic or necessary in our system than res judicata. That doctrine, which provides that a valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof, ensures that litigation will come to an end. Were we to accept the INS's arguments, we would carve out a large exception to this venerable doctrine, one that would allow the agency to eschew direct appealsSQeither inadvertently, through error, or consciously as a strategic decisionSQthen, years later, collaterally attack decisions of immigration judges. The INS presents no persuasive argument or authority to convince us to take such a drastic step.

In its rehearing petition, the INS argues that application of administrative res judicata or collateral estoppel is subject to

the direction of Congress, citing <u>University of Tennessee v. Elliott</u>,[1] and <u>Astoria Federal Savings and Loan Association v. Solimino</u>.[2] But these cases dealt with state administrative findings under Title VII and the Age Discrimination in Employment Act. In each case, the Supreme Court held that unreviewed adverse findings by a state administrative judge did not preclude the plaintiff from filing a claim in federal court. The Court also held that "when the interpretation of a statute is at hand. . . . the question is not whether administrative estoppel is wise but whether it is intended by the legislature."[3]

We do not quarrel with the correctness of these opinions; they are simply inapplicable to the instant case. In making its argument, the INS overlooks an important distinction between the state administrative proceedings required under Title VII and the ADEA on the one hand and the review of a determination of citizenship on the other. In Title VII and ADEA claims, the plaintiff is required to exhaust those state remedies before bringing a claim in federal court. In other words, the plaintiff <u>brings suit</u> in federal court. Obviously, under such a system, the determination in the state administrative proceeding cannot bind the federal court or there could never be a federal cause of action. The exhaustion of state remedies requirement has several purposes, but elimination of the claim is not one of them.

---

[1] 478 U.S. 788 (1986).

[2] 111 S.Ct. 2166 (1991).

[3] <u>Astoria</u>, 111 S.Ct. at 2169.

In contrast, when determining citizenship neither the petitioner nor the INS brings a new suit in federal court; rather, under the INA, they seek review of an IJ's decision. Accordingly, the proper procedure to review an IJ's holding is an appeal to the Board of Immigration Appeals (BIA); the decision of the BIA is appealed directly to the Court of Appeals.[4] By enacting § 105a(a)(5),[5] "Congress carved out one class of cases . . . where de novo review in district court claims of nationality would be available: cases in which the person subject to deportation claims to be a United States citizen."[6] Under that section, the Court of Appeals may transfer the claim for a de novo review by the district court if there is a genuine issue of material fact.

The INS now urges that Medina is entitled to that

---

[4] See INA § 105a(a), 8 U.S.C. § 1105a(a)(exclusive procedure for judicial review of orders of deportation and exclusion governed by 28 U.S.C. § 2341 et seq., which vests exclusive jurisdiction in the Court of Appeals).

[5] 8 U.S.C. § 1105a(a)(5). That section reads: Claim of Nationality; determination or transfer to district court for hearing de novo. Whenever any petitioner, who seeks review of an order under this section, claims to be a national of the United States and makes a showing that his claim is not frivolous, the court shall (A) pass upon the issues presented when it appears from the pleadings and affidavits filed by the parties that no genuine issue of material fact is presented; or (B) where a genuine issue of material fact as to the petitioner's nationality is presented, transfer the proceedings to a United States district court for the district where the petitioner has his residence for hearing de novo of the nationality claim and determination as if such proceedings were originally initiated in the district court under the provisions of section 2201 of title 28.

[6] Agosto v. INS, 436 U.S. 748, 753 (1978)(emphasis added).

determination in district court.  We note in passing that the language of the provision is phrased to protect the petitioner seeking recognition of his or her citizenship, not the INS. Section 105a(a)(5) was prompted by Supreme Court cases recognizing "that the Constitution requires that there be some provision for de novo judicial determination of claims to American citizenship in deportation proceedings. . . . `To deport one who . . . claims to be a citizen, obviously deprives him of liberty. . . . [and] may result also in loss of both property and life; or of all that makes life worth living.'"[7]  Moreover, the transfer to the district court is not automatic, but occurs only after determinations by the Court of Appeals.  Thus, at most, the INS could have attempted to obtain from us a transfer to the district court for a de novo review of Medina's claim.

At the heart of this case, however, is the INS's failure to grasp or refusal to accept that the agency must seek such a determination on direct appeal or suffer res judicata preclusion. These review proceedings do not exist separately as do the federal claims under Title VII or the ADEA.  Here, when the INS failed to take advantage of the appeals process, res judicata mandated that the agency be precluded from successive attempts to relitigate the question of Medina's citizenship.  Certainly, the Supreme Court's recognition that claims to American citizenship in deportation proceedings implicate liberty and property rights supports our

_____

[7] Id. (quoting Ng Fung Ho v. White, 259 U.S. 276, 284 (1922)).

5

conclusion, reiterated today, that a final, uncontested grant of citizenship cannot be revisited at the INS's pleasure.

ENTERED FOR THE COURT:


_____
United States Circuit Judge