United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 02-30756
USDC No. 02-CV-893

———————————

MICHAEL AMISSAH,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL; BUREAU
OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents-Appellees.

--------------------
Appeals from the United States District Court
for the Western District of Louisiana
--------------------

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Michael Amissah, a native of Ghana, was convicted of distribution of cocaine in the Eastern District of Tennessee on November 16, 2000, and was sentenced to nine months in prison. The Immigration and Naturalization Service (INS) Immigration Judge (IJ) ordered that Amissah be removed from the United States to Ghana. The Board of Immigration Appeals (BIA) rejected Amissah's argument that he was a United States citizen because

———————————

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his father was naturalized and dismissed his appeal. This court dismissed Amissah's petition for review of the BIA's order. Amissah v. Ashcroft, No. 02-60184 (5th Cir. Apr. 17) (unpublished).

Amissah filed the instant 28 U.S.C. § 2241 petition in the Eastern District of Pennsylvania. Because Amissah was incarcerated at the INS holding facility in Oakdale, Louisiana the transfer of his petition to the Western District of Louisiana was correct. See Brinar v. Williamson, 245 F.3d 515, 517-18 (5th Cir. 2001); Solsona v. Warden, F.C.I., 821 F.2d 1129, 1132 (5th Cir. 1987).

Amissah argues that the district court erred in denying him relief under § 2241 because he is a United States citizen. The Government contends that consideration of whether Amissah is a citizen is barred under the doctrines of res judicata or collateral estoppel. Under Medina v. INS, 993 F.2d 499, 503-04 (5th Cir.), on reh'g, 1 F.3d 312 (5th Cir. 1993)), if the proceeding before the BIA was adjudicatory, in that it involved the "resolution of contested issues of fact and application of legal principles to the facts thus determined," the administrative proceeding "has the 'authority of the thing adjudged' to the same extent as does a case first litigated in a court of law." "The only considerations for purposes of res judicata are whether (1) the case in which the valid, final judgment was rendered involved the same parties and issues, and

(2) there was an opportunity to reach the merits on those issues." Id. at 504.

The record leaves no room to dispute that the question whether Amissah was a naturalized citizen was litigated before the IJ, the BIA, and this court. See 8 U.S.C. § 1252(a)(2)(C); Nehme v. Immigration and Naturalization Service, 252 F.3d 415, 433 (5th Cir. 2001). Accordingly, the findings and conclusions of the BIA that Amissah is not a citizen are res judicata. The district court's judgment denying Amissah's § 2241 petition is AFFIRMED.

The stay of deportation pending the resolution of this appeal granted on September 24, 2002 is LIFTED.