United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60525
Summary Calendar

NAFIS AHMED KHAN,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Oder of the
Board of Immigration Appeals
BIA No. A28 729 571
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Nafis Ahmed Khan, a native and citizen of Pakistan, has petitioned for review of a final order of the Board of Immigration Appeals (BIA) summarily affirming the order of removal entered by the Immigration Judge (IJ) denying discretionary waiver of deportation under INA § 202(c), 8 U.S.C. § 1182(c). Khan was convicted by a California court in 1992 of solicitation of murder. The IJ determined that the offense

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

qualified as an aggravated felony and a crime involving moral turpitude, rendering Khan deportable.

Khan argues that he was eligible for a discretionary waiver because the California court vacated his conviction in 1999. We may review a final order of removal only when "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). "Failure to exhaust an issue creates a jurisdictional bar as to that issue." Roy v. Ashcroft, 389 F.3d 132, 137 (5th Cir. 2004). "When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue in a motion to reopen prior to resorting to review by the courts." Goonsuwan v. Ashcroft, 252 F.3d 383, 390 (5th Cir. 2001). Because Khan did not raise this issue before filing for review in this court, this court lacks jurisdiction to review it. See id.; see also Roy, 389 F.3d at 137. Accordingly, his petition is dismissed in part.

Khan also argues that a prior removal proceeding was terminated in his favor, that the matter of his removability therefore is res judicata, and that the respondent is collaterally estopped from seeking his removal. The doctrine of res judicata "provides that a valid and final judgment precludes a second suit between the same parties on the same claim or any part thereof." Medina v. INS, 1 F.3d 312 (5th Cir. 1993). The doctrine also precludes parties "'from relitigating issues that

... could have been raised in [a prior] action.'" <u>In re Gibraltar Resources, Inc.</u>, 210 F.3d 573, 576 (5th Cir. 2000) (citation omitted). "However, the application of res judicata has been limited to issues of fact or law necessary to the decision in the prior judgment. In other words, the allegedly barred claim must arise out of the same nucleus of operative facts involved in the prior litigation." <u>Rhoades v. Penfold</u>, 694 F.2d 1043, 1048 (5th Cir. 1983). Because the issue of Khan's removability based on his 1992 conviction does not involve issues of fact or law necessary to the decision in the prior judgment of arise out of the same nucleus of operative facts involved in the prior litigation, it is not barred by the doctrine of res judicata. Accordingly, Khan's petition for review is denied in part.

PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.