**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 93-5089
Summary Calendar
_____

EVELIO MIRANDA-LORES,

Petitioner,

VERSUS

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

_____

Petition for Review of an Order of
Immigration and Naturalization Service
_____
(March 9, 1994)

Before DAVIS, JONES, AND DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge:

BACKGROUND

Petitioner is a twenty-seven year old Cuban national. He entered the United States in 1970 and was accorded permanent resident status in 1974. In February 1992, the Immigration and Naturalization Service initiated deportation proceedings against Petitioner as a result of his conviction for cocaine distribution. Aided by counsel, Petitioner conceded his deportability and announced his intention to seek § 212(c) relief.

At the final deportation hearing, the immigration judge noted that an application for § 212(c) relief had not been filed. After hearing explanations from both Petitioner's attorney and

Petitioner, the judge found that Petitioner had abandoned his claim for relief and ordered him deported to Cuba.

Petitioner appealed the judge's order alleging that had he been effectively represented by counsel, he would have filed a timely application for § 212(c) relief. The Board found that failure to file the application was not due to ineffective assistance of counsel. The Board also found that Petitioner did not comply with the procedural requirements for making an ineffective assistance of counsel claim and did not establish that he was prejudiced by the failure to file the application. Petitioner appeals the Board's decision.

### DISCUSSION

To prevail on a claim of ineffective assistance of counsel at a deportation proceeding,[1] an alien must show (1) ineffective representation and (2) substantial prejudice, which occurred as a result of the ineffective representation. See, Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir. 1993). Assuming without deciding that failure to file an application for § 212(c) relief was due to ineffective representation, Petitioner's claim must be denied because, as found by the Board, he did not show that he was prejudiced.

In this case, proving prejudice requires the Petitioner to make a prima facie showing that had the application been filed, he

---

[1] We assume without deciding that an alien has the right to bring an ineffective assistance of counsel claim in a deportation proceeding. See Paul v. INS, 521 F.2d 194, 197-198 (5th Cir. 1986).

would have been entitled to relief from deportation under § 212(c). See, e.g., Figeroa v. United States INS, 886 F.2d 76, 79 (4th Cir. 1989) (holding that ineffective representation did not result in prejudice because alien could not establish a prima facie showing that he was entitled to a grant of asylum under 8 U.S.C. § 1158); Patel v. United States INS, 803 F.2d 804, 807 (5th Cir. 1986) (finding that immigration judge's refusal to grant a motion for continuance did not result in prejudice where the alien conceded deportability and did not allege eligibility for discretionary relief). In his appeal to the Board, Petitioner did not allege any facts that would have merited the grant of relief.[2] Furthermore, we can not consider Petitioner's attempts to do so on appeal because our review is limited to the administrative record. See Rivera-Cruz v. INS, 948 F.2d 962, 967 (5th Cir. 1991).[3]

Petitioner requests that we remand this case so that evidence regarding his entitlement to § 212(c) relief may be considered. Under 28 U.S.C. § 2347(c), we may order a remand if (1) the additional evidence sought to be offered is material and (2) there were reasonable grounds for the alien's failure to submit the

_____

[2] When reviewing a § 212(c) application for deportation relief, the Board balances the "adverse factors evidencing an alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf." Matter of Marin, 16 I & N Dec. 581, 584 (BIA 1978); see also Diaz-Resendez v. INS, 960 F.2d 493, 495-96 (5th Cir. 1992). Here Petitioner did not allege, to the Board, any favorable considerations.

[3] Because we affirm the Board's finding that Petitioner failed to show that he was prejudiced by alleged ineffective assistance of counsel, we need not address Petitioner's claim that he received ineffective assistance.

3

additional evidence to the agency.  Bernal-Garcia v. INS, 852 F.2d 144, 147 (5th Cir. 1988); Fleurinor v. INS, 585 F.2d 129, 133 (5th Cir. 1978).  Petitioner has not satisfied the second prong of the § 2347(c) test; he offers no explanation for his failure to submit this evidence to the Board.  Therefore, Petitioner's request for a remand is denied.

CONCLUSION

For the foregoing reasons, the decision of the Board of Immigration Appeals is

AFFIRMED.