IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-60534
Summary Calendar
_____

AMAL S. GALAYR,

                                        Petitioner,

versus

IMMIGRATION AND NATURALIZATION SERVICE,

                                        Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A74-620-963
--------------------

September 17, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

     Petitioner, Amal S. Galayr, appeals the denial of her motion to reopen deportation proceedings on the grounds that she received ineffective assistance of counsel.  Galayr, a native of Somalia, entered the United States utilizing false documentation, a point which she does not dispute.  At her deportation hearing, Galayr was represented by counsel.  She testified that she belongs to a subclan, the Benadiri, and that the Benadiri are persecuted by other Somalis and are seen as having supported the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

former dictator, Mohamed Siad Barre. The immigration judge found that Galayr had failed to prove any of the requirements for asylum. Galayr's counsel filed a notice of appeal, but, although a briefing notice was sent to him, no brief was filed. Prior to the briefing date, Galayr had already sought out new counsel. Nevertheless, new counsel did not determine the status of Galayr's appeal until after the Board of Immigration Appeals (BIA) had dismissed the appeal for lack of briefing. Galayr filed a motion to reopen based on ineffective assistance of counsel, contending that her former counsel's failure to communicate with her deprived her of her opportunity to appeal. The BIA denied the motion on the basis that Galayr had failed to satisfy the requirements of Matter of Lozada, 19 I & N Dec. 637 (BIA 1988).

Galayr contends that Lozada sets too stringent a standard for ineffective assistance claims. In particular, she complains that the procedural requirements imposed by Lozada, which include filing an affidavit setting forth the alleged deficiencies of counsel's performance and filing a complaint against counsel with the appropriate supervisory authority, are too difficult for an alien to meet. However, we need not resolve whether Galayr's contentions are correct as she has failed to show that her counsel's performance prejudiced her.

In order to demonstrate ineffective assistance of counsel in a deportation proceeding, the petitioner must show ineffective representation and substantial prejudice resulting therefrom. See Miranda-Lores v. I.N.S., 17 F.3d 84, 85 (5th Cir. 1994).

Proving prejudice requires the petitioner to make a prima facie showing that she would have been entitled to relief but for her counsel's deficient performance.  See id.

Galayr's testimony that she is a member of the Benadiri clan and that the Benadiri are persecuted because of their status as Benadiri was uncorroborated, and the Immigration Judge found Galayr was not credible.  In her motion to reopen, Galayr failed to present any additional evidence or arguments to support her claims of persecution.  Thus, she has failed to demonstrate that even if her original counsel had filed a brief, the BIA would have granted asylum.

Further, we note that Galayr admitted that her original counsel informed her he would not represent her after he filed the notice of appeal, and that Galayr contacted new counsel well before the briefing deadline.  Her appeal was not dismissed summarily until one year after the notice of appeal was filed.  Thus, Galayr's own lack of diligence forecloses her argument that she was not afforded due process.  See Ogbemudia v. I.N.S., 988 F.2d 595, 599 (5th Cir. 1993).

Galayr's additional contention that the matter should be remanded because the administrative record did not contain the order to report for deportation and the application for stay of deportation is likewise without merit.  Galayr does not discuss how these documents would support her claim for asylum.  Thus, she has not demonstrated grounds for remand.  See Miranda-Lores, 17 F.3d at 85.

Finally, Galayr has filed a motion to supplement the record. The documents which she seeks to add were not made available below. As we are limited to review of the administrative record, the motion to supplement is denied. See id.

For the foregoing reasons, we DENY the Petition for Review, and DENY the Motion to Supplement Record.

PETITION DENIED. MOTION TO SUPPLEMENT RECORD DENIED.