United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-60306

Summary Calendar

_____

SALIM HABIB

Petitioner

v.

ALBERTO R GONZALES, U S ATTORNEY GENERAL

Respondent

_____

Petition for Review of an Order of the
Board of Immigration Appeals
(A78 881 588)

_____

Before KING, Chief Judge, and WIENER and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Salim Habib seeks review by this court of a final order of

removal entered by the Board of Immigration Appeals. We affirm

the order in its entirety.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Petitioner Habib is a native and citizen of Pakistan, but he has not lived in Pakistan for almost thirty years. Habib lived in Dubai for twenty-four years before entering the United States as a non-immigrant visitor for pleasure on August 19, 1999, with authorization to remain until August 17, 2000. On February 20, 2003, the Immigration and Naturalization Service served Habib with a notice to appear before an immigration judge, alleging that he was a deportable foreign national who had remained in the country without authorization.

On May 8, 2003, Habib appeared with counsel before an immigration judge for the first of several substantive deportation and asylum hearings. On October 31, 2003, the immigration judge rendered his final decision on the merits of Habib's application for asylum and withholding of deportation. In this decision, the immigration judge denied Habib's applications for asylum and withholding of removal but granted him the privilege of voluntary departure. Habib appealed this decision to the Board of Immigration Appeals ("BIA" or "Board"), which dismissed his appeal and issued a final order of removal on March 15, 2005. On April 13, 2005, Habib filed a petition for review with this court.

In his petition for review, Habib argues that the Board's decision erred in at least five ways: first, by ignoring the immigration judge's violation of his due process rights; second,

by approving the immigration judge's denial of his change of venue petition; third, by affirming the immigration judge's denial of his petition for asylum; fourth, by ignoring new evidence; and fifth, by violating his equal protection rights and failing to extend him the same treatment afforded other types of asylum and immigration petitioners. Finding no merit in his petition, we affirm the Board's final order of removal in its entirety.

## II

We review the decision of the BIA, not the decision by the immigration judge. See Ogbemudia v. I.N.S., 988 F.2d 595, 598 (5th Cir. 1993); Castillo-Rodriguez v. I.N.S., 929 F.2d 181, 183 (5th Cir. 1991). We consider alleged errors of the immigration judge only to the extent they affected the judgment of the BIA, which itself conducts a de novo review of the entire administrative record. Ogbemudia, 988 F.2d at 598. We do not find that any of the alleged errors of the immigration judge affected or prejudiced the decision of the BIA.[1] Accordingly, we will review only the decision of the BIA.

This court will uphold the BIA's factual finding that an alien is not eligible for asylum if the finding is supported by

---

[1] In declining to detail the alleged errors of the immigration judge, we do not intend to imply by omission that these allegations have any weight or accuracy.

3

substantial evidence.  See Gomez-Mejia v. I.N.S., 56 F.3d 700, 702 (5th Cir. 1995).  The substantial-evidence standard requires only that the conclusion be substantially reasonable based on the evidence presented to the BIA.  Carbajal-Gonzalez v. I.N.S., 78 F.3d 194, 197 (5th Cir. 1996).

Petitioner Habib bears the burden of showing "that the evidence he presented [to the Board] was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution."  Jukic v. I.N.S., 40 F.3d 747, 749 (5th Cir. 1994) (quoting I.N.S. v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)).  We must uphold the BIA's asylum determination unless Habib shows that the decision to deny asylum was arbitrary, capricious, or an abuse of discretion.  See Jukic, 40 F.3d at 749.  And this he has utterly failed to do.

Habib has not provided any specific evidence of persecution--past, present, or prospective--to the immigration judge, to the Board, or to this court.  Moreover, although he has not resided in Pakistan for almost three decades, Habib and his family return to Pakistan once or twice a year, for stays which approximate a summer vacation.  In short, Habib's claims of persecution are wholly unpersuasive, and his petition fails to show that the BIA's asylum determination was anything but fair and reasonable.

Under the Fifth Amendment, aliens are entitled to due process of law in deportation proceedings.  Reno v. Flores, 507

4

U.S. 292, 306-07 (1993). In his petition before this court, Habib contends that he did not receive due process, largely based on a deprivation of the right to counsel as well as the denial of his request for a change of venue. A hearing will be deemed unfair only if the challenged practices "might have led to a denial of justice, or there must have been absent an element deemed essential to due process." Hernandez-Garza v. I.N.S., 882 F.2d 945, 957 (5th Cir. 1989) (quoting Kielema v. Crossman, 103 F.2d 292, 293 (5th Cir. 1939)). We find no general violation of due process in the proceedings below, and we certainly cannot find any violation that would constitute a denial of justice.

Specifically, Habib alleges that his right to counsel was abrogated because he was questioned without an attorney present before he was advised of his right to counsel, and because he was denied the attorney of his choice. We begin by noting that there is no absolute Sixth Amendment right to counsel in a deportation proceeding. See Ogbemudia, 988 F.2d at 598. Nevertheless, it is possible for "the absence of an attorney [to] create a due process violation if the defect impinged upon the fundamental fairness of the hearing in violation of the fifth amendment, and there was substantial prejudice." Id. (citing Paul v. United States I.N.S., 521 F.2d 194, 197 (5th Cir. 1975)); see also Miranda-Lores v. I.N.S., 17 F.3d 84, 85 & n.1 (5th Cir. 1994).

5

If a petitioner cannot show that he was substantially prejudiced by the absence of effective counsel (e.g., because an appeal clearly would have been futile even with the presence of counsel), then he cannot prevail on appeal. See Miranda-Lores, 17 F.3d at 85; see also Patel v. I.N.S., 803 F.2d 804, 806-07 (5th Cir. 1986). Habib's deprivation of counsel argument amounts to this: on April 3, 2003, the immigration judge met Habib and determined his address, his marital status, and the undisputed fact that Habib had overstayed his visitor visa. The immigration judge then granted a continuance for Habib to find representation, and the first substantive hearing began on May 8, 2003, from which point Habib was represented by counsel. This does not rise to the level of substantial prejudice; indeed, it arguably does not amount to any prejudice whatsoever. Because Habib has not shown that he was substantially prejudiced by the lack of an attorney, he has not demonstrated any denial of due process.

Although Habib does not live in California, he requested a change of venue from Dallas to San Francisco. Pressed to explain why California provided a more convenient forum, he only stated that he wanted to move there, in part because his cousin's brother also lived there. Because Habib never showed good cause for a change of venue, we hold there was no abuse of discretion in refusing his request. See Matter of Rahman, 20 I & N Dec.

6

480, 483 (BIA 1992) (stating that discretion to change venue in deportation proceedings is subject to the existence of good cause).

Finally, Habib offers a confused and tangled argument that the BIA should have remanded the case to an immigration judge because he was about to receive a skilled workers visa. Habib claims that in vaguely similar contexts, petitioners with family-based rather than skill-based applications have been granted rehearings, and he argues that his Equal Protection rights were violated by the Board when it declined to provide him with a rehearing. This argument is characterized by great energy, but it is completely lacking in clarity and any semblance of a coherent legal foundation.

Although misguided and unfounded, the zeal behind this argument, and the petition as a whole, puts us in mind of the immigration judge's finding: "[c]ertainly [Habib] does seem to desperately wish to migrate to the United States." (Oral Decision of the Immigration Judge at 6.) We are not unsympathetic to this sincere desire. Unfortunately, in his efforts to settle in this country Habib has broken its laws. We find nothing in his energetic petition to protect him from the consequences of these actions.

III

In conclusion, petitioner Habib has provided no reason to overturn the order the Board of Immigration Appeals, which is hereby

AFFIRMED.