United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2006**

Charles R. Fulbruge III
Clerk

REVISED JANUARY 18, 2006
**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 04-60933
Summary Calendar**

**SIGFREDO ANTONIO GALLEGOS; IVETTE MITCHELLE
HONORES-WALAQUEZ; JOSE ANTONIO GALLEGOS-HONORES,**

**Petitioners,**

**versus**

**ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,**

**Respondent.**

**Petition for Review of an Order of the
Board of Immigration Appeals
(A75 346 184)
(A75 346 185)
(A75 346 186)**

Before BARKSDALE, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sigfredo Antonio Gallegos, his wife, Ivette Mitchelle Honores-Walaquez, and his son, Jose Antonio Gallegos-Honores, seek review of the Board of Immigration Appeals' (BIA) denial of their motion to reconsider the denial of their motion to reopen their appeal. The claim underlying their motion to reopen is for ineffective assistance of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Gallegoses claim the BIA abused its discretion in determining that, because they failed to show they filed a grievance with the Texas Bar Association against their former attorney, they did not meet the third prong of **Matter of Lozada**, 19 I. & N. Dec. 637, 639 (BIA 1988).  The Gallegoses contend they gave a reasonable explanation for failing to state whether they filed a grievance:  Rule 2.16 of the Texas Rules of Disciplinary Procedure states the filing and pendency of a grievance against an attorney is completely confidential and may not be disclosed to any person or entity except by court order or if the respondent waives confidentiality.  They also claim the BIA abused its discretion in holding they failed to show prejudice resulting from their former counsel's failure to file a brief in their appeal to the BIA.

The BIA's denial of a motion to reconsider is reviewed for abuse of discretion.  **Zhao v. Gonzales**, 404 F.3d 295, 301 (5th Cir. 2005) (motion to reconsider properly denied where petitioner "did not identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked").

The Gallegoses did not satisfy their burden of proof before the BIA to demonstrate a prima facie case that, had the brief been filed, they would have been entitled to relief from deportation. **Miranda-Lores v. I.N.S.**, 17 F.3d 84, 85 (5th Cir. 1994)**.** Therefore, the BIA did not abuse its discretion by determining the Gallegoses failed to show prejudice. **Goonsuwan v. Ashcroft**, 252

2

F.3d 383, 385 n.2 (5th Cir. 2001) (to establish ineffective assistance of counsel, alien must demonstrate counsel's performance resulted in substantial prejudice). Because the BIA did not abuse its discretion in that determination, we need not decide whether the BIA abused its discretion in determining the Gallegoses failed to meet the third prong of *Matter of Lozada*.

*DENIED*

3