United States Court of Appeals
Fifth Circuit

**F I L E D**

February 27, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

————————————

No. 04-30880

(Summary Calendar)

————————————

NESTOR SALGADO,

Plaintiff-Appellant,

versus

ALBERTO R GONZALES, U S ATTORNEY GENERAL; JAMES ZIGLAR; EDWARD MCELROY; CARYL THOMPSON,

Defendants-Appellees.

——————————————————————————————————————

Appeal from the United States District Court
For the Western District of Louisiana
UCDC No. 2:04-CV-778-PM

——————————————————————————————————————

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nestor Salgado appeals the district court's denial of his 28 U.S.C. § 2241 habeas corpus

petition, which challenged an order of removal by the Board of Immigration Appeals (BIA). In

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

accordance with the Real ID Act, this court converts Salgado's writ petition into a timely petition for review of the BIA's order. *See Rosales v. Bureau of Immigration and Customs Enforcement*, 426 F.3d 733, 736 (5th Cir. 2005), *cert. denied* __ S.Ct. __, 2006 WL 37358 (Jan. 9, 2006); *see also* Real ID Act, Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311 (2005) (converted petitions shall not be subject to the thirty-day time filing deadline ordinarily applicable to petitions for review).

Salgado argues that his two convictions for theft of services do not render him deportable because they are not crimes involving moral turpitude. 8 U.S.C. § 1227(a)(2)(A)(ii) provides that an alien is deportable if he is convicted of two crimes involving moral turpitude that are not part of a single scheme of criminal misconduct. This court reviews *de novo* the BIA's legal determination that a given crime involves moral turpitude. *Okoro v. I.N.S.*, 125 F.3d 920, 926 (5th Cir. 1997). This court has previously held that theft is a crime of moral turpitude. *Id*. Salgado makes no argument that theft of services would not fall under this general rule. Accordingly, we will not disturb the BIA's determination that Salgado is removable.

Salgado next complains that his constitutional equal protection rights were violated when he was denied cancellation of removal pursuant to 8 U.S.C. § 1229b. Salgado has not alleged an equal protection violation. *See Mahone v. Addicks Utility Dist. of Harris County*, 836 F.2d 921, 933 (5th Cir. 1988) (listing the elements of an equal protection challenge).

Salgado next argues that his equal protection and due process rights were violated by the Immigration Judge and the BIA throughout his removal proceedings. Salgado's conclusory allegations of constitutional violations are unsupported by his brief. Accordingly, he has not established that he has suffered a constitutional harm. *See United States v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005).

Finally, Salgado argues that he received constitutionally ineffective assistance of counsel in his removal proceedings. He has not, however, demonstrated that he was prejudiced by his counsel's performance. Accordingly, he is not entitled to relief on this claim. *See Miranda-Lores v. I.N.S.*, 17 F.3d 84, 85 (5th Cir. 1994) (to prevail on a claim of ineffective assistance of counsel in removal proceedings, petitioner must demonstrate substantial prejudice).

For the foregoing reasons, Salgado's converted petition for review is DENIED.