# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 7, 2007

Charles R. Fulbruge III
Clerk

No. 07-60047
Summary Calendar

MUHAMMAD WASEEM KHAN

Petitioner

V.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 008 125

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Muhammad Waseem Khan, a native and citizen of Pakistan, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his motion to reopen removal proceedings. Khan argues for the first time in this court that the immigration judge (IJ) erred by failing to sua sponte dismiss the notice to appear (NTA) and terminate removal proceedings because, pursuant to numerous internal agency memoranda, respondent was prohibited

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

from filing a NTA while Khan's valid I-485 application to adjust status was pending.

As respondent correctly points out, Khan did not challenge the NTA before the IJ or the BIA. Therefore, his argument is unexhausted. See Wang v. Ashcroft, 260 F.3d 448, 452 (5th Cir. 2001). Although an exception to the exhaustion requirement exists for due process violations, Khan has not established a due process violation as internal memoranda do not confer substantive rights or provide procedures on which an alien may rely. See Loa-Herrera v. Trominski, 231 F.3d 984, 989 (5th Cir. 2000). We thus lack jurisdiction to consider Khan's argument. See Wang, 260 F.3d at 452; Goonsuwan v. Ashcroft, 252 F.3d 383, 389-90 (5th Cir. 2001).

Khan next argues that the BIA abused its discretion by denying his motion to reopen the removal proceedings. He asserts that respondent's failure to forward his appeal of the denial of his I-140 petition to the Administrative Appeals Office (AAO) for two years violated his right to due process and denied him a fair trial. A motion to reopen should be based on new facts and must establish a prima facie case of eligibility for the underlying relief sought in order to be granted. See I.N.S. v. Abudu, 485 U.S. 94, 104 (1988).

Although the CIS's failure to forward Khan's appeal of the denial of his I-140 petition may constitute a new fact, Khan did not demonstrate that he was prima facie eligible to adjust his status because he did not show that he had an immediately available immigrant visa. See 8 U.S.C. § 1255(i)(2). The BIA's decision to deny Khan's motion to reopen thus was not an abuse of discretion. See Lara v. Trominski, 216 F.3d 487, 496 (5th Cir. 2000).

Khan argues that the BIA erred by denying his application for withholding of removal or relief under the CAT. As the respondent correctly notes, Khan's January 19, 2007, petition for review is timely under 8 U.S.C. § 1252(b)(1) only as to the BIA's December 20, 2006, denial of the motion to reopen. Khan did not file a timely petition for review as to the BIA's June 19, 2006, dismissal of the

appeal wherein Khan challenged the BIA's denial of withholding of removal and relief under the CAT. Accordingly, we lack jurisdiction over Khan's challenge to the BIA's denial of withholding of removal and relief under the CAT. See Navarro-Miranda v. Ashcroft, 330 F.3d 672, 676 (5th Cir. 2003).

Khan has moved to remand his case to the BIA with an order directing the BIA to remand to the IJ for reconsideration based upon the January 22, 2007, approval of his I-140 petition. Khan has attached to his motion the approval notification of his I-140 petition. He also has provided information indicating that he became eligible to adjust his status on July 17, 2007.

Remand is not appropriate here because Khan has not submitted this evidence to the BIA and has failed to show reasonable grounds for his failure to do so. See Miranda-Lores v. I.N.S., 17 F.3d 84, 85 (5th Cir. 1994). Moreover, this court's review is limited to the administrative record. See id. As the BIA was not privy to the documents, we decline to consider them.

PETITION FOR REVIEW DENIED; MOTION FOR REMAND DENIED.