# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60784
Summary Calendar

MUHAMMAD WASEEM KHAN

Petitioner

v.

ERIC H HOLDER, JR, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 008 125

Before HIGGINBOTHAM, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:*

Muhammad Waseem Khan, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' (BIA) order denying his motion to reopen his removal proceeding.

Following a July 2005 hearing, the immigration judge (IJ) denied Khan's application for withholding of removal. The BIA denied Khan's appeal in June

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2006; and, in December 2006, it denied his motion to reopen the proceeding. In November 2007, our court denied Khan's motion to remand to the BIA for reconsideration and dismissed his petition for review. *See Khan v. Keisler*, 253 F. App'x 393 (5th Cir. 2007).

In January 2008, more than a year after our denial of his petition for review, Khan filed a second motion with the BIA to reopen his removal proceeding. Khan conceded untimeliness, but claimed exceptional circumstances justified reopening his proceeding. The BIA denied that motion as untimely, its having been filed more than 90 days after the BIA's prior order denying relief; and, it declined to reopen Khan's removal proceeding *sua sponte*.

Khan claims his removal proceeding should have been reopened, despite the untimeliness of his motion, because new facts exist that were not available at the time of his hearing before the IJ. According to Khan: his I-140 (employment-based immigrant visa) labor certification had been erroneously denied by the United States Citizenship and Immigration Services (CIS); he, therefore, had not had an opportunity to present his application to adjust status under 8 U.S.C. § 1255(i) to the IJ; and CIS delayed more than 18 months in forwarding a notice of appeal to its administrative appeals office. He claims CIS' delay caused him to be ordered removed.

Khan's exceptional-circumstances assertion fails because he did not satisfy the conjunctive requirement that the motion to reopen be filed within 180 days of the removal order. *See* 8 C.F.R. § 1003.23(b)(4)(ii) (establishing the 180-day filing period); *see also* 8 C.F.R. § 1003.2 (providing that the section's 90-day filing period (for motions to reopen removal proceedings in the BIA) does not apply to motions brought pursuant to § 1003.23(b)(4)(ii)). Claimed exceptional circumstances need not be addressed if the accompanying motion is not filed within the period established by law.

Because Khan's motion was untimely, reopening depended entirely on the BIA's choosing to do so *sua sponte*. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216,

220 (5th Cir. 2008). Because the regulation governing *sua sponte* reopening vests the BIA with complete discretion to deny untimely motions to reopen, our court "has no legal standard by which to judge the . . . ruling, and therefore . . . lacks jurisdiction". *Id.*; *see also* 8 C.F.R. § 1003.2(a).

Nor may Khan create jurisdiction under the guise of due process. Neither the filing nor the granting of an application for labor certification affects "the discretionary removal relief" provided by statute. *Ahmed v. Gonzales*, 447 F.3d 433, 438-39 & n.3 (5th Cir. 2006). Because "the failure to receive relief . . . is purely discretionary in nature", it "does not amount to a deprivation of a liberty interest". *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (quoting *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1146 (11th Cir. 1999)); *see also Manzano-Garcia v. Gonzales*, 413 F.3d 462, 471 (5th Cir. 2005). Because he has no protected liberty interest in a motion to reopen, Khan is unable to demonstrate a due process violation. *See Altamirano-Lopez v. Gonzales*, 435 F.3d 547, 551 (5th Cir. 2006).

DENIED.