# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60183
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2017

Lyle W. Cayce
Clerk

ROBERTO MADRIGALES RODRIGUEZ,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 690 122

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Roberto Madrigales Rodriguez petitions this court to review the Board of Immigration Appeals' denial of his motion to reopen removal proceedings based on his previous counsel's ineffective assistance. Madrigales argues that denying his motion to reopen violates his due process rights because an immigration judge has never assessed his claims in the first instance.

We review the Board's denial of a motion to reopen under a "highly deferential abuse-of-discretion standard," reversing only when the decision is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statues or regulations, or based on unexplained departures from regulations or established policies." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014). To prevail on an ineffective-assistance-of-counsel claim, the petitioner must show (1) ineffective representation and (2) resulting "substantial prejudice." *Miranda-Lores v. I.N.S.*, 17 F.3d 84, 85 (5th Cir. 1994). "Proving prejudice requires the [p]etitioner to make a prima facie showing that [the petitioner] would have been entitled to relief from deportation[.]" *Id.* Thus, the assertion that Madrigales suffered prejudice merely because an immigration judge has yet to hear his claims is insufficient.

Madrigales has not made the "prima facie showing" of prejudice. To maintain an asylum claim, a petitioner must show that he legitimately fears persecution based on "race, religion, nationality, membership in a particular social group, or political opinion." *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012). Madrigales argues only that he fears unidentified "gang members [and] drug traffickers" because "they" called his mother pretending to have kidnapped one of her children. Because Madrigales has not alleged any well-founded fear of persecution based on a protected category, he has failed to show prima facie eligibility for asylum or withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002) ("Withholding is a higher standard than asylum. Since [the petitioner] does not meet the bar for asylum, he also does not meet the standard for withholding . . . ."). Accordingly, Madrigales has not shown that the BIA abused its discretion by denying his ineffective-assistance claim. *See Barrios-Cantarero*, 772 F.3d at 1021. We therefore DENY his petition for review.