# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2019

Lyle W. Cayce
Clerk

SONIA GUADALUPE SERRANO-AMAYA; GRISELDA EMERLINDA SERRANO-HERNANDEZ,

Petitioners

v.

WILLIAM P. BARR, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 377 869
BIA No. A208 377 870

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Sonia Guadalupe Serrano-Amaya and Griselda Emerlinda Serrano-Hernandez (the Petitioners), seek review of the decision of the Board of Immigration Appeals (BIA) denying their motion to reopen removal proceedings. They claim that (1) they received ineffective assistance of counsel in connection with their removal proceedings that amounted to a violation of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60324

due process, and (2) they are entitled to relief under the Convention Against Torture (CAT).

Motions to reopen are disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). We review the denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

*Ineffective assistance of counsel claim*

The Petitioners assert that their counsel in removal proceedings performed deficiently because he failed to assert that they belonged to the particular social groups of "informants" and "immediate or nuclear family members" of Serrano-Amaya's husband, who was killed when he refused to join a gang. They contend that they were persecuted in the past, and that they fear persecution and are likely to be persecuted in the future, based on their membership in these particular social groups. They argue that, had counsel provided constitutionally adequate representation, they would have been granted asylum or withholding of removal.

To prevail on such a claim, the Petitioners must demonstrate substantial prejudice resulting from counsel's deficient performance. *See Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006). Proving substantial prejudice requires a prima facie showing that, absent counsel's deficient performance, the applicant would have been entitled to the relief sought. *Miranda-Lores v. I.N.S.*, 17 F.3d 84, 85 (5th Cir. 1994).

Here, the record reflects that Serrano-Amaya reported the murder of her husband, and several gang members were subsequently imprisoned for the killing. As the BIA determined, threats were made against Serrano-Amaya based on the desire of one or more gang members to avoid, or extract revenge for, suffering the consequences of their criminal behavior. Thus, assuming

*arguendo* that "informants" and "immediate nuclear family members" of Serrano-Amaya's husband constitute particular social groups, the Petitioners cannot show substantial prejudice from counsel's failure to propose such groups because aliens who are targeted for personal reasons, including revenge, are not entitled to asylum or withholding of removal.  *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004).

*Claim Under the CAT*

In support of their CAT claim, the Petitioners assert that gangs in El Salvador receive the cooperation and assistance of public officials.  They note that Franklin, the gang leader who participated in the murder of Serrano-Amaya's husband, was released from prison after being convicted of the killing and that he is free to pursue them.

To obtain relief under the CAT, "an applicant must show that it is more likely than not that he would be tortured if returned to his home country." *Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005) (internal quotation marks and citation omitted).  The torture must be "inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

As the discussion above shows, gang members who killed Serrano-Amaya's husband were prosecuted and imprisoned by the state.  Such evidence supports the denial of a claim for relief under the CAT.  *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015).

In view of the foregoing, the BIA's denial of the motion to reopen was "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304 (internal quotation marks and citation omitted).  Accordingly, the petition for review is **DENIED**.