# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 30, 2021

Lyle W. Cayce
Clerk

No. 19-60466
Summary Calendar

Rolando Salazar-Maldanado, *also known as* Rolando Salazar-Maldonado,

*Petitioner*,

*versus*

Merrick Garland, *U. S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 567 881

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Rolando Salazar-Maldanado, a native and citizen of Mexico, petitions for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for withholding of removal and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60466

protection under the Convention Against Torture (CAT) and denying his motion to reopen. He argues that he has established a well-founded fear of future persecution sufficient to warrant withholding of removal, that he is entitled to protection under the CAT, that the BIA abused its discretion in determining that his motion to reopen was untimely and that he was not entitled to equitable tolling of the 90-day period for filing a motion to reopen, that his due process rights were violated, and that the BIA erred in not granting his motion to reopen pursuant to its sua sponte authority.

We review the BIA's decision and consider the immigration judge's decision only to the extent it influenced the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Factual findings are reviewed for substantial evidence and legal determinations are reviewed de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

Although Salazar-Maldanado argues that it is more likely than not that he will be subjected to physical violence and potentially murder because of his membership in the particular social group of "fruit growers and family members of fruit growers in Victoria, Tamaulipas, Mexico who are threatened by criminal organizations," his testimony reflects that his family was merely subjected to economic extortion. Because economic extortion is not a cognizable form of persecution under immigration law, substantial evidence supports the BIA's determination that Salazar-Maldanado was not entitled to withholding of removal. *See Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019).

To establish entitlement to relief under the CAT, an alien must prove that it is more likely than not that he will be tortured with the consent or acquiescence of public officials if he returns to the particular country in question. 8 C.F.R. §§ 1208.16(c)(2) and 1208.18(a)(1). Although Salazar-Maldanado asserts that the Mexican government would be unable to protect

No. 19-60466

him from the Zetas cartel, he is not entitled to protection under the CAT because he has failed to provide evidence that public officials have participated in, consented to, or willfully acquiesced to torture. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015).

We review the denial of a motion to reopen under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). Although a motion to reopen must generally be filed within 90 days of the entry of a final order of removal, this deadline is subject to equitable tolling. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016). An alien is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (quoting *Lugo-Resendez*, 831 F.3d at 344). Ineffective assistance of counsel may constitute an extraordinary circumstance justifying equitable tolling of the deadline for seeking statutory reopening. *Diaz v. Sessions*, 894 F.3d 222, 227 (5th Cir. 2018).

Although Salazar-Maldanado argues that his former attorney performed deficiently when the attorney failed to argue that his asylum application was timely and failed to submit sufficient evidence supporting his claims, he has failed to demonstrate that the attorney performed deficiently, or that he was prejudiced, because he has not identified any changed or extraordinary circumstances that would excuse his nearly 15-year delay in seeking asylum relief. Nor has he presented any additional evidence that should have been submitted in support of his application. *See Miranda-Lores v. I.N.S.*, 17 F.3d 84, 85 (5th Cir. 1994). Accordingly, the BIA did not abuse its discretion in determining that Salazar-Maldanado was not entitled to equitable tolling.

Moreover, although ineffective assistance of counsel in immigration proceedings may implicate due process concerns under the Fifth Amendment, Salazar-Maldanado has failed to demonstrate that his right to a full and fair hearing was violated because, as discussed above, he failed to demonstrate that his former attorney performed deficiently or that he was prejudiced. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006).

Finally, despite Salazar-Maldanado's assertions to the contrary, "this court lacks jurisdiction to review the BIA's discretionary decision not to invoke its sua sponte authority to reopen a case because there is 'no legal standard against which to judge' that decision." *Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019) (quoting *Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 250 (5th Cir. 2004)).

Based upon the foregoing, the petition for review is DENIED in part and DISMISSED in part.