**WAN FANG KUANG, also known as Wendy Kwong, also known as Wan Kuang, also known as Wan Wan Fang, also known as Kuang Fang, also known as Kwong Wa Po, also known as Kwong Po, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 11–60858
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 2, 2012.

Thomas C. Fagerberg, Esq., Fagerberg & Fagerberg, L.L.P., Austin, TX, for Petitioner.

Kathryn Louise Moore, Esq., Trial Attorney, Tangerlia Cox, U.S. Department of

**350**

Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM: *

Wan Fang Kuang, a citizen of the People's Republic of China, seeks review of the Board of Immigration Appeals's (BIA) decision denying her motion to reopen the removal proceedings based on a claim of ineffective assistance of counsel. Kuang maintains that the BIA abused its discretion when it concluded that she failed to meet the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637, 637 (BIA 1988), and when it alternatively concluded that she was required to comply with 8 C.F.R. § 1003.23(b)(3).

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Rodriguez–Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir.2012) (internal quotation marks and citation omitted). The court will not find an abuse of discretion unless the BIA's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted).

Kuang's argument that she had only to comply substantially with *Lozada* is unavailing. *See Rodriguez–Manzano*, 666 F.3d at 953. To support her motion to reopen, Kuang was required to provide (1) an affidavit from the alien detailing the relationship with counsel; (2) evidence that counsel was informed of the ineffectiveness allegations and allowed to respond; and (3) evidence as to whether a complaint had been filed with the appropriate disciplinary authorities. *Lozada*, 19 I. & N. Dec. at 639; *see also Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir.2000).

The record reflects that Kuang failed to provide her affidavit when she filed her motion to reopen the removal proceedings. Consequently, she does not show that the BIA's determination that she failed to comply with *Lozada* was irrational or arbitrary. *See Rodriguez–Manzano*, 666 F.3d at 953. Because Kuang's petition for review is denied on this basis, the court does not reach Kuang's challenge to the BIA's alternative ruling that she failed to submit an application for relief from removal with her motion to reopen, as required by § 1003.23(b)(3).

To the extent that Kuang still has not presented any argument regarding her original claim for withholding of removal under the Convention Against Torture, she has abandoned that claim. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir.2003) (citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir.1987)).

Accordingly, her petition for review is DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.