# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 20, 2013

Lyle W. Cayce
Clerk

No. 12-60304
Summary Calendar

MOISES HUERTA-GALVAN, also known as Moises Huerta,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 628 169

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Moises Huerta-Galvan, a native and citizen of Mexico, was ordered removed from the United States in 2010. His appeal of the order of removal was summarily dismissed in October 2011. The following month, Huerta-Galvan filed a motion to reopen his immigration proceedings with the Board of Immigration Appeals (BIA), and in March 2012, the BIA denied the motion to reopen. In June 2012, Huerta-Galvan filed his second motion to reopen his immigration proceedings with the BIA, and in September 2012, the BIA denied

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that motion.  Huerta-Galvan has filed petitions for review of the BIA's denial of his initial motion to reopen and the denial of his second motion to reopen.

Huerta-Galvan first challenges the BIA's denial of his initial motion to reopen, arguing that the BIA erred in finding that he had not complied with the procedural requirements set forth in *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1998).    Additionally, he complains that in denying his motion, the BIA improperly announced and applied to his case a new or modified standard regarding the requirements set forth in *Lozada.*  The Government, in turn, argues that this court lacks jurisdiction to review the denial of Huerta's initial motion to reopen.  We pretermit any jurisdictional concerns because Huerta-Galvan's arguments are without merit.  *See Madriz-Alvarado v. Ashcroft*, 383 F.3d 321, 327-28 (5th Cir. 2004).

We review the denial of a motion to reopen under "a highly deferential abuse-of-discretion standard." *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012) (internal quotation marks and citation omitted).  The court will not find an abuse of discretion unless the BIA's decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted).

Huerta-Galvan's argument that he had only to comply substantially with *Lozada* is unavailing.  *See Rodriguez-Manzano,* 666 F.3d at 953.  To support his motion to reopen, Huerta-Galvan was required to provide (1) an affidavit from the alien detailing the relationship with counsel; (2) evidence that counsel was informed of the ineffectiveness allegations and allowed to respond; and (3) evidence as to whether a complaint had been filed with the appropriate disciplinary authorities.  *Lozada*, 19 I. & N. Dec. at 639; *see also Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).  In addition to these three procedural requirements, Huerta-Galvan also was required to demonstrate

substantial prejudice resulting from counsel's deficient performance. *Gutierrez-Morales v. Homan*, 461 F.3d 605, 609 (5th Cir. 2006).

The record reflects that Huerta-Galvan failed to provide his affidavit when he filed his initial motion to reopen the removal proceedings. Consequently, he does not show that the BIA's determination that he failed to comply with *Lozada* was irrational or arbitrary. *See Rodriguez-Manzano,* 666 F.3d at 953; *Lara*, 216 F.3d at 496-99. Moreover, Huerta-Galvan has not presented any argument regarding the BIA's determination that he had not shown that he was substantially prejudiced by counsel's alleged ineffectiveness. He therefore has abandoned any challenge to the denial of his motion to reopen on the basis that he had not demonstrated substantial prejudice. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (citing *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)). In view of the foregoing, we do not reach Huerta-Galvan's argument that the BIA abused its discretion in modifying or expanding the standard set forth in *Lozada*.

In regard to the second motion to reopen, the BIA's decision denying reopening found that Huerta-Galvan's motion was untimely and barred by the numerical limitations set forth in 8 C.F.R. § 1003.2(c). Further, the BIA deemed the motion to reopen to be withdrawn and denied the motion pursuant to § 1003.2(d), the "departure bar." Huerta-Galvan now challenges the BIA's application of the departure bar in light of this court's recent decision in *Garcia-Carias v. Holder*, 697 F.3d 257 (5th Cir. 2012). However, because the BIA also determined that Huerta-Galvan's motion to reopen was time barred and numerically barred, we need not address the BIA's application of the departure bar. *See Ramos-Bonilla v. Mukaskey*, 543 F.3d 216, 219-20 (5th Cir. 2008).

Accordingly, Huerta-Galvan's petition for review of the order denying his initial motion to reopen is DENIED, and his petition for review of the order denying his second motion to reopen is DISMISSED.