# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2013

No. 12-60925
Summary Calendar

Lyle W. Cayce
Clerk

EDGARDO YURANDI MONTES-SANCHEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 113 614

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:*

Edgardo Yurandi Montes-Sanchez, a native and citizen of El Salvador, did not appear at his removal hearing, and an immigration judge (IJ) ordered him removed in absentia. He now petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the decision of the IJ denying his motion to reopen his removal proceedings. He contends that his notice to appear did not comply with statutory notice

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements because it informed him that if he failed to appear at his hearing he "may" be ordered removed despite that the relevant statute provides that an alien who fails to appear "shall" be ordered removed. Because the notice was inadequate, he reasons, he should not have been ordered removed.

Montes-Sanchez's notice to appear informed him that if he failed to attend his hearing, "a removal order may be made by the [IJ] in [his] absence." We have rejected an alien's argument that a notice to appear containing this language did not properly advise him of the consequences of failing to appear. *See Gomez-Palacios v. Holder*, 560 F.3d 354, 359 (5th Cir. 2009). In any event, Montes-Sanchez has not put forward compelling evidence that the BIA's interpretation of the relevant statute was incorrect. *See Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012). The notice to appear must inform the alien of, as relevant here, the consequences of failing to appear at the hearing. 8 U.S.C. § 1229(a)(1)(G). If an alien is served with notice but fails to appear and "if the [Government] establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable," then he "shall be ordered removed in absentia." 8 U.S.C. § 1229a(b)(5)(A). It was accurate for the notice to appear to inform Montes-Sanchez that if he failed to appear, he "may" be removed because failure to appear, by itself, was not sufficient to require removal—the Government had to first establish that Montes-Sanchez was provided with notice and was removable. *See id.*; *United States v. Ramirez-Carcamo*, 559 F.3d 384, 385 n.1 (5th Cir. 2009). The BIA did not abuse its discretion in dismissing Montes-Sanchez's appeal. *See Rodriguez-Manzano*, 666 F.3d at 952. Accordingly, the petition for review is DENIED.

2