# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 19, 2013

No. 13-60011
Summary Calendar

Lyle W. Cayce
Clerk

ROBERT RANDALL WATSON,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A028 319 026

Before JOLLY, SMITH, AND CLEMENT, Circuit Judges.

PER CURIAM:[*]

Robert Randall Watson petitions for review of a Board of Immigration Appeals' (BIA) order that denied his motion to reconsider a motion to reopen based upon eligibility for adjustment of status. Watson asserts that his motion to reopen based on his eligibility for adjustment of status was not untimely since the time and numerical limitations do not apply to his proceedings, which were commenced prior to June 13, 1992 under former Immigration and Nationality Act § 242(b), 8 U.S.C. § 1252(b). He asserts that the BIA's invocation of its *sua*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*sponte* authority and subsequent denial of his motion to reconsider contradicts this courts's holding in *Rodriguez-Manzano v. Holder,* 666 F.3d 948 (5th Cir. 2012). In accordance with *Avilez-Granados v. Gonzales,* 481 F.3d 869 (5th Cir. 2007), Watson contends that his case should be remanded to the BIA for an adjudication of his application for adjustment of status since he has never had the opportunity to have it considered.

The decision to deny a motion for reconsideration is within the discretion of the BIA. 8 C.F.R. § 1003.2(a). The motion for reconsideration must identify a legal or factual error in the BIA's prior decision and must be supported by relevant authority. § 1003.2(b)(1). We review the BIA's denial of a motion for reconsideration under a highly deferential abuse-of-discretion standard. *See Lara v. Trominski*, 216 F.3d 487, 496-97 (5th Cir. 2000).

Watson did not file his motion to reopen seeking adjustment of status until November 20, 2002. This motion did not seek reopening to vacate his in absentia deportation order. Thus, as the immigration judge and the BIA found, his motion was untimely. *See Matter of M-S-*, 22 I. & N. Dec. 349, 356-57 (1998); 8 C.F.R. § 1003.2(c); § 1003.23(b)(1); *see also Jeon v. Holder*, 354 F. App'x 50, 53-54 (5th Cir. 2009). Therefore, the only way the BIA could have reopened his proceedings was via its *sua sponte* authority. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 219-20 (5th Cir. 2008); *Rodriguez-Manzano,* 666 F.3d at 952 & n.3. To the extent Watson seeks review of the BIA's decision not to invoke its *sua sponte* authority, this court lacks jurisdiction. *See Ramos-Bonilla*, 543 F.3d at 220.

The BIA did not abuse its discretion in denying Watson's motion for reconsideration. *See Lara,* 216 F.3d at 496-97. Accordingly, his petition for review is DENIED.