# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 20, 2014

Lyle W. Cayce
Clerk

No. 13-60317
Summary Calendar

ANGEL ADONYS JIMENEZ-PADILLA,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A087 900 477

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:*

Angel Adonys Jimenez-Padilla (Jimenez), a native and citizen of Honduras, seeks review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from the immigration judge's (IJ) denial of his motion to reopen. Days before his scheduled master hearing before a Houston, Texas, immigration court, Jimenez's retained counsel sent a motion to the court requesting that the venue for the hearing be changed to Newark, New Jersey. The motion was promptly rejected by the court's administrative staff because it was not in compliance with the court's procedural

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

requirements.   Jimenez's counsel completed a second motion to change venue; however, the motion was not received by the court until after Jimenez failed to appear at the hearing and the IJ ordered him removed in absentia.

Jimenez filed a timely motion to rescind the removal order and to reopen the proceedings pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i).   Concluding that Jimenez had failed to demonstrate exceptional circumstances beyond his control for his nonappearance at the master hearing, the IJ denied the motion to reopen.  The IJ found that Jimenez had not shown due diligence with respect to his case.  The IJ also noted that Jimenez's obligation to attend the removal hearing continued until his motion for a venue change was granted, and that neither Jimenez nor his counsel followed up with the court to inquire as to the status of the motion for a change of venue.   Jimenez appealed the IJ's decision, but the BIA agreed with the IJ's determination and dismissed the appeal.  Jimenez now seeks review in this court.

We review the denial of a motion to reopen under a highly deferential abuse of discretion standard.  *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012).  The decision will be upheld unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Id*. (internal quotation marks and citation omitted).

An alien may be ordered removed in absentia if he fails to appear for his scheduled hearing despite receipt of proper notice and if the Government establishes that he is removable.  § 1229a(b)(5)(A).  An in absentia removal order may be rescinded if, among other things, the alien demonstrates that his failure to appear was due to "exceptional circumstances."  § 1229a(b)(5)(C)(i).  The term "exceptional circumstances" refers to "circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien."  § 1229a(e)(1).  This "is a difficult burden to meet."  *De Morales v. INS*, 116 F.3d 145, 148 (5th Cir. 1997) (holding that the circumstances surrounding the mechanical failure of the petitioners' car on the

No. 13-60317

way to the hearing were not exceptional and, thus, did not excuse their failure to appear at their removal hearing).

Although Jimenez was mistaken in his assumption that the motion for a venue change would be filed and granted before the master hearing, the circumstances surrounding the filing of the motion were neither exceptional nor beyond Jimenez's control. As noted by the IJ, Jimenez had ample time to retain counsel and to file a motion for a change of venue prior to his hearing date. Instead, he waited until mere days before the hearing to notify the court of his relocation. Moreover, as noted by the BIA, it is "well established" that "the mere filing of a motion for a change of venue does not relieve the respondent from his responsibility to appear, and unless the Immigration Judge grants the motion, the respondent remains obligated to appear at the appointed date and time." *See, e.g., Patel v. INS*, 803 F.2d 804,806 (5th Cir. 1986) (noting that "the mere submission of a motion for continuance does not relieve an alien or his counsel of the obligation to appear for a notice hearing. Until the motion was granted, [the petitioner] was required to attend the hearing."). Accordingly, Jimenez's assertion that the assumption that the immigration court's receipt of the motion justified his nonappearance at the hearing is without merit. Jimenez also asserts that the BIA failed to consider all of the evidence he presented in support of his motion to reopen; however, he fails to identify any evidence or fact that was not considered by the BIA.

The BIA did not abuse its discretion in denying the motion to reopen. Accordingly, the petition for review is DENIED.

3