# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60193
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2015

Lyle W. Cayce
Clerk

QUN CHEN,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205-908-582

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Qun Chen, a native and citizen of China, seeks review of the February 26, 2014 decision rendered by the Board of Immigration Appeals (BIA), in which the BIA denied Chen's motion for reconsideration and motion to reopen. Earlier, in its decision of December 31, 2013, the BIA dismissed Chen's appeal from the immigration judge's (IJ) denial of relief and denied his motion to remand based on alleged ineffective assistance of counsel. Chen did not file a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition for review within 30 days of the BIA's December 31, 2013 decision. Accordingly, we do not have jurisdiction to review the earlier BIA decision. *See* 8 U.S.C. § 1252(b)(1); *see also Stone v. INS*, U.S. 386, 405 (1995); *Kane v. Holder*, 581 F.3d 231, 237 n.14 (5th Cir. 2009).

We do, however, have jurisdiction to review the BIA's February 26, 2014 decision denying Chen's motion for reconsideration and motion to reopen. In reviewing the BIA's denial of a motion to reopen, this court generally applies a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005); *see also Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012). We apply the same standard when reviewing the BIA's denial of a motion for reconsideration. *Zhao*, 404 F.3d at 303. This court will affirm the BIA's decision "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao*, 404 F.3d at 304 (internal quotation marks and citation omitted).

In denying Chen's motion to reopen, the BIA found that Chen had failed to fully comply with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998), *overruled in part by Matter of Compean*, 24 I. & N. Dec. 710 (BIA 2009). In his petition for review, Chen does not address the BIA's determination that he failed to comply with the requirements of *Lozada*. He has thus abandoned any challenge to the procedural basis for the denial of his motion to reopen based on ineffective assistance of counsel. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). We need not address Chen's challenge to the BIA's alternative basis for rejecting his claim—his failure to demonstrate substantial prejudice. *See Ramos-Bonilla v. Mukasey*, 543 F.3d 216, 220 (5th Cir. 2008); *Huerta-Galvan v. Holder*, 531 F. App'x 447,

448 (5th Cir. 2013).  Accordingly, Chen has not shown that the BIA abused its discretion on this basis.

We now turn to the denial of Chen's motion for reconsideration.  In arguing that the BIA abused its discretion, Chen contends first that the BIA erroneously relied on *Ogbemudia v. INS*, 988 F.2d 595 (5th Cir. 1993).  His reference to *Ogbemudia* is inapposite, as the BIA did not rely on it in its February 26, 2014 decision.  As we noted earlier, we are precluded from considering the BIA's decision of December 31, 2013.  Chen later challenges, in some detail, the substance of the IJ's adverse credibility determination in order to argue that the BIA abused its discretion in denying his motion for reconsideration.  However, because Chen did not challenge the IJ's credibility determination in his motion for reconsideration or on appeal before the BIA, we lack jurisdiction to consider such arguments in the instant petition for review.  *See* § 1252(d)(1); *see also Wang v. Ashcroft*, 260 F.3d 48, 452-53 (5th Cir. 2001).

In light of the foregoing, the petition for review is DENIED, in part, and DISMISSED, in part.