# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60849
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2016

Lyle W. Cayce
Clerk

PERVEJ SHAMIM,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 199 281

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pervej Shamim, a native and citizen of Bangladesh, seeks review of the Board of Immigration Appeals' (BIA) order dismissing his appeal of the Immigration Judge's (IJ) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He also petitions for review of the BIA's order denying his motion to remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60849

Shamim contends that the BIA erred in affirming the IJ's adverse credibility determination.  He maintains that the adverse credibility determination was premised on "minor" inconsistencies that did not concern conflicting facts, and he contends that the IJ failed to consider his supporting documents, which, he claims, corroborated his testimony.  Shamim, however, has not demonstrated that the record as a whole compels a conclusion that the adverse credibility finding was erroneous.  *See Wang v. Holder*, 569 F.3d 531, 538 (5th Cir. 2009).  Given the adverse credibility ruling, Shamim did not demonstrate that he was entitled to asylum or statutory withholding of removal.  *See Chun v. I.N.S.*, 40 F.3d 76, 79 (5th Cir. 1994).  "[B]ecause the same lack of evidence means that [Shamim] cannot show he will be tortured, he is not entitled to relief under the CAT."  *Dayo v. Holder*, 687 F.3d 653, 659 (5th Cir. 2012).

Shamim additionally argues that the BIA abused its discretion in denying his motion to remand based on a claim of ineffective assistance of counsel.  He maintains that he suffered substantial prejudice because his attorney during the proceedings before the IJ was not prepared.  However, he has never specified how his testimony would have differed but for counsel's representation, nor has he claimed how counsel prevented him from offering any particular documents or witness testimony for the IJ's consideration.  Shamim thus has not made a prima facie showing that, absent counsel's deficient performance, he would have been entitled to the relief sought.  *See Miranda-Lores v. I.N.S.*, 17 F.3d 84, 85 (5th Cir. 1994).  He therefore has not demonstrated that the BIA abused its discretion in rejecting his claim of ineffective assistance of counsel and denying his motion to remand on that basis.  *See Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012).

No. 14-60849

Finally, Shamim argues that the IJ violated his due process right to a fair hearing by denying his motions to continue, made orally at the merits hearing, and by denying his motion to change venue from San Antonio, Texas, to New York.  As a result, he contends, the BIA abused its discretion in denying his motion to remand to the extent it was based on those due process allegations.  Shamim has not offered any support that he suffered actual prejudice in relation to his asylum application as a result of the IJ's denial of the referenced motions.  Consequently, the BIA did not abuse its discretion in denying his motion to remand to the extent it was based on the alleged due process violations.  *See Rodriguez-Manzano*, 666 F.3d at 952; *Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997).

For the foregoing reasons, Shamim's petition for review is DENIED.