# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60280
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2016

Lyle W. Cayce
Clerk

DIPAK CHAUDHARI,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 812 968

Before BENAVIDES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

Dipak Chaudhari, a native and citizen of India, petitions for review of the order of the Board of Immigration Appeals (BIA) dismissing his appeal of the immigration judge's (IJ) denial of his motion to reopen his in absentia removal proceedings. We have jurisdiction to review the denial of this motion. *See Nolos v. Holder,* 611 F.3d 279, 281 (5th Cir. 2010). We review the BIA's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60280

denials of motions to reopen under a "highly deferential abuse-of-discretion standard." *Zhao v. Gonzales,* 404 F.3d 295, 303 (5th Cir. 2005).

Chaudhari argues that he never received notice of the date and time of his removal hearing. Service of notice of the removal hearing upon Chaudhari's attorney constituted adequate notice. *See* 8 U.S.C. § 1229(a)(2)(A); § 1229a(b)(5)(A); 8 C.F.R. § 1292.5(a); *Rodriguez-Manzano v. Holder,* 666 F.3d 948, 953 n.6 (5th Cir. 2012); *Men Ken Chang v. Jiugni,* 669 F.2d 275, 277-78 (5th Cir. 1982). Thus, Chaudhari has not shown that the BIA abused its discretion. *See Zhao,* 404 F.3d at 303.

The petition for review is DENIED.