# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60587
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 14, 2016
Lyle W. Cayce
Clerk

SUKHDEV SINGH,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 693 670

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Sukhdev Singh has petitioned for review of the decision of the Board of Immigration Appeals (BIA) denying his motion to reopen removal proceedings after Singh was ordered removed following his failure to appear for a hearing before the Immigration Judge (IJ). In denying the motion to reopen, the IJ found that Singh's mistaken belief about the date of the hearing, without other more compelling circumstances, was insufficient to warrant reopening of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case.  The IJ also found that reopening was not warranted because of Singh's negligence in failing to confirm the hearing date.  The BIA affirmed the IJ's decision for reasons cited by the IJ.

We review the order of the BIA unless the IJ's decision "has some impact on the BIA's decision."  *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).  Where, as here, the BIA adopts the IJ's findings and conclusions, we review the IJ's decision as well.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009).  The BIA's decision is reviewed under a highly deferential abuse of discretion standard and will be upheld unless it is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach."  *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 952 (5th Cir. 2012) (internal quotation marks and citation omitted).

An in absentia removal order may be rescinded upon a "motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of "exceptional circumstances."  8 U.S.C. § 1229a(b)(5)(C)(i); *see also* § 1229a(e)(1) (defining "exceptional circumstances").  "The plain language of the statute indicates that this is a difficult burden to meet." *De Morales v. INS*, 116 F.3d 145, 148  (5th Cir. 1997).

Singh's mistaken belief about the date of the hearing was not a circumstance of an extraordinary nature comparable to the circumstances listed in § 1229a(e)(1) and were not beyond his control.  *See id.*  Singh has not shown that the BIA abused its discretion.  *See Rodriguez-Manzano*, 666 F.3d at 952.  The petition is DENIED.