# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-60676
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 8, 2019

Lyle W. Cayce
Clerk

SANTOS MARIA ESPINOZA-PORTILLO,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 536 913

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Santos Maria Espinoza-Portillo has petitioned for review of the decision of the Board of Immigration Appeals (BIA) denying her motion to reopen immigration proceedings claiming persecution on account of her religious beliefs and asserting that original counsel rendered ineffective assistance in failing to assert that ground as a basis for relief. The BIA concluded that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Espinoza-Portillo had not shown that, but for her attorney's errors, the result of the proceeding would have been different.

"Motions for reopening of immigration proceedings are disfavored." *INS v. Doherty*, 502 U.S. 314, 323 (1992). We review the BIA's denial of a motion to reopen under a "highly deferential abuse-of-discretion standard." *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006) (internal quotation marks and citation omitted). The BIA's decision must be affirmed as long as it "is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Id.* (internal quotation marks and citation omitted). The BIA's legal conclusions are reviewed de novo. *Id.* Findings of fact are reviewed for substantial evidence, meaning that "this court may not overturn the BIA's factual findings unless the evidence compels a contrary conclusion." *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009).

A motion to reopen may be based on a claim of ineffective assistance of counsel. *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012). The alien must demonstrate that counsel's unprofessional actions were prejudicial to her case. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). That is, she must make a prima facie showing that, upon reopening, the relief sought will be granted. *See Miranda-Lores v. INS*, 17 F.3d 84, 85 (5th Cir. 1994); *Guevara Flores v. INS,* 786 F.2d 1242, 1246–47 (5th Cir. 1986).

Espinoza-Portillo contends that original counsel never asserted that she was persecuted on account of her religion; that counsel failed to file a brief in her administrative appeal; and that the BIA erred in concluding that she was not prejudiced by counsel's failure to assert that she was persecuted on account of her religion. Discrepancies between her testimony at the merits hearing and her statements in the affidavit filed in support of the motion to reopen, she

contends, were the product of inadequate questioning by her original counsel. She states that she merely responded to the questions that were put to her, and she contends that her counsel rendered ineffective assistance in failing to elicit testimony regarding the additional information that was presented in the affidavit.

These contentions are not supported by the record and do not show that the BIA abused its discretion in determining that Espinoza-Portillo would not be considered credible if her case is reopened because of the inconsistencies and contradictions between her testimony and the statements in her affidavit. *See Singh*, 436 F.3d at 487. Espinoza-Portillo has not shown that the BIA abused its discretion in denying her motion to reopen because she did not establish a prima facie showing of eligibility for relief. *See Miranda-Lores*, 17 F.3d at 85. The petition is DENIED.