# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 3, 2021

Lyle W. Cayce
Clerk

No. 19-60475
Summary Calendar

Vishal Kumar Kaniyalal Patel,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 892 528

Before Jones, Barksdale, and Stewart, *Circuit Judges*.

Per Curiam:*

Vishal Kumar Kaniyalal Patel, a native and citizen of India, petitions for review of an order by the Board of Immigration Appeals' (BIA) denying his third motion to reopen and rescind his 2011 *in absentia* order of removal. Patel claims:  he is entitled to reopen his order of removal because he did not

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60475

receive proper notice of his master hearing; his motion is timely because he is entitled to equitable tolling; the immigration judge (IJ) lacked jurisdiction to order him removed; the BIA erred in declining to reopen his proceeding because his wife is eligible for a U visa and for a waiver of inadmissibility; the BIA erred in failing to address whether the changed country conditions warrant granting the motion to reopen; and his due-process rights were violated.

The denial of a motion to reopen is understandably reviewed under a highly deferential abuse-of-discretion standard. *Lowe v. Sessions*, 872 F.3d 713, 715 (5th Cir. 2017). An *in absentia* order of removal may be rescinded "upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice" of the hearing. 8 U.S.C. § 1229a(b)(5)(C)(ii).

Patel received proper notice of his master hearing because the record shows a notice of hearing was mailed to his attorney of record, and the attorney acknowledged receipt. *See Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 n.6 (5th Cir. 2012) ("[P]roperly notifying [petitioner's] former counsel of the time, date, and location of the hearing constituted adequate notice to [petitioner]"). Although Patel asserts service on his attorney was improper because that attorney's representation was limited to bond proceedings only, the record instead demonstrates his attorney was retained to also represent Patel in removal proceedings. Patel has not provided any evidence to the contrary.

The BIA also did not abuse its discretion in determining Patel received proper notice of his master hearing despite the notice to appear failing to specify the time and date of an initial hearing. A notice to appear is not defective on that basis. *Pierre-Paul v. Barr*, 930 F.3d 684, 689 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2718 (2020). In any event, even if the notice was defective, any defect was cured by the subsequent mailing of the notice of

hearing, which contained a specific time and date. *See id.* at 690. Finally, the BIA did not abuse its discretion by holding jurisdiction properly vested with the IJ because "a notice to appear is sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing". *Id.* at 693.

The BIA did not abuse its discretion in determining Patel was not entitled to equitable tolling. An alien may receive equitable tolling if he shows: "he has been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way and prevented timely filing". *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (quoting *Lugo-Resendez v. Lynch*, 831 F.3d 337, 344 (5th Cir. 2016)). Ineffective assistance of counsel (IAC) may constitute an extraordinary circumstance justifying equitable tolling of the deadline for seeking statutory reopening. *Diaz v. Sessions*, 894 F.3d 222, 226–27 (5th Cir. 2018). But, Patel has failed to comply with the requirements for raising an IAC claim in immigration proceedings because he failed to: provide an affidavit stating the terms of his attorney-client agreement with his attorney of record; provide evidence he informed that attorney of the allegations; and file a grievance or offer an explanation as to why a grievance against that attorney was not filed. *See Rodriguez-Manzano*, 666 F.3d at 953. Given Patel's failure to comply with the requirements for raising an IAC claim, he cannot demonstrate extraordinary circumstances prevented him from timely filing a motion to reopen.

The BIA did not abuse its discretion in determining Patel was not entitled to reopening based on changed country conditions. A motion to reopen based on a request for asylum, withholding of removal, or protection under the Convention Against Torture may be filed at any time if the alien presents evidence of changed country conditions. 8 U.S.C. § 1229a(c)(7)(C)(ii). In determining whether there has been a material change in country conditions warranting granting a motion to reopen, the

BIA compares evidence of country conditions submitted with the motion to reopen with the conditions that existed at the time of removal. *Mejia v. Whitaker*, 913 F.3d 482, 489 (5th Cir. 2019). Patel has failed to meaningfully compare the conditions in India at the time of his removal hearing to the conditions there when he filed his motion to reopen. Accordingly, he failed to present material evidence of changed country conditions warranting consideration under his motion. *See Ramos-Lopez v. Lynch*, 823 F.3d 1024, 1026 (5th Cir. 2016) (requiring alien to submit information of changed country conditions and meaningfully compare the differences in conditions at the time of removal hearing and time of motion to reopen).

Although Patel claims the BIA erred in not granting the motion to reopen because the BIA has the authority to grant waivers of inadmissibility alongside a U visa, we lack jurisdiction to review the BIA's decision not to exercise its discretionary authority to reopen a case *sua sponte*. *See Mejia*, 913 F.3d at 490. This claim is dismissed for lack of jurisdiction.

Finally, despite Patel's assertions to the contrary, we have repeatedly rejected due-process claims in the context of motions to reopen based on a lack of notice because aliens have no liberty interest in purely discretionary reopening proceedings. *See Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019) ("[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest" (citation omitted)).

DISMISSED in part; DENIED in part.