# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2022

Lyle W. Cayce
Clerk

No. 20-60830
Summary Calendar

JASVIR SINGH,

*Petitioner*,

*versus*

MERRICK GARLAND, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 029 489 843

Before SMITH, STEWART, and GRAVES, *Circuit Judges*.
PER CURIAM:*

Jasvir Singh, a native and citizen of India, unlawfully entered the United States in 1989. He petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen the *in absentia* deportation proceedings. Singh avers that the BIA abused its discretion in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

denying his motion to reopen based on its finding of no changed country conditions. Singh further posits that the BIA abused its discretion in refusing to apply equitable tolling to his motion to reopen based on his claims of ineffective assistance of counsel ("IAC"). "This [c]ourt reviews the denial of a motion to reopen under a highly deferential abuse-of-discretion standard." *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014) (internal quotation marks and citation omitted).

"Showing changed country conditions requires making a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time the alien filed [his] motion to reopen." *Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018). Neither Singh's motion to reopen before the BIA nor his brief provides any meaningful comparison of country conditions since his 1989 *in absentia* deportation order. Though Singh contends that the reports in Exhibit F attached to his motion to reopen address "the country conditions in place over a historical period[,] including 1989," those reports show that conditions for Sikhs in India have generally improved since he was ordered deported. The BIA did not abuse its discretion in refusing to reopen Singh's deportation proceedings based on changed country conditions. *See Barrios-Cantarero*, 772 F.3d at 1021.

Singh also urges that the BIA did not perform a meaningful analysis of his evidence of changed country conditions. That theory is not supported by the record. The BIA specifically referred to Exhibit F when concluding that Singh had failed to demonstrate changed country conditions. The BIA also acknowledged that the new materials in Exhibit F showed "evidence of problems that Sikhs face in India, particularly in the Punjab region, and that there had been an upswing in Khalistan-related terrorism in recent years." Nonetheless, the BIA concluded that there was "no evidence of the conditions for Sikhs, or anyone else similarly situated to [Singh], at the time of his 1989 in absentia proceeding."

The BIA is not required to "write an exegesis on every contention. What is required is merely that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Efe v. Ashcroft*, 293 F.3d 899, 908 (5th Cir. 2002) (internal quotation marks and citation omitted). The BIA's consideration of Singh's Exhibit F was sufficient.

Singh claims that the BIA abused its discretion in refusing to apply equitable tolling to his motion to reopen because he failed to pursue his claim of IAC with due diligence. According to Singh, the BIA's decision to impose a due-diligence requirement on his motion to reopen contradicts *Rodriguez-Manzano v. Holder*, 666 F.3d 948 (5th Cir. 2012).

This court noted in *Rodriguez-Manzano* "[C]urrent regulations that impose timing requirements on motions to reopen do not apply to motions to reopen deportation proceedings that commenced before 1992." *Id*. at 954. Because the BIA in *Rodriguez-Manzano* considered the petitioner's due diligence in pursuing his claim of IAC, the BIA had imposed what was, in effect, "a timing limitation on motions to reopen pre-1992 deportation proceedings." *Id*.

But Singh conceded before the BIA that his motion to reopen was subject to the time and number limitations of 8 U.S.C. § 1229a(c)(7), so he did not "fairly present" the issue to the BIA. *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). This court therefore lacks jurisdiction to consider his due-diligence argument. *See* 8 U.S.C. § 1252(d)(1).

The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.