# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60600
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

MARIA GRACIELA GONZALEZ-MARTINEZ,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A091 245 803

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Maria Graciela Gonzalez-Martinez, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals (BIA) decision denying her motion for reconsideration of its denial of her first motion to reopen her immigration proceeding and denying her second motion to reopen her immigration proceeding. We have jurisdiction to review the BIA's denial of Gonzalez-Martinez's motions to reconsider and reopen, *see Nolos v. Holder*,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60600

611 F.3d 279, 281 (5th Cir. 2010), and we review the denial of the motions "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Although Gonzalez-Martinez argues, as she did in her motion for reconsideration, that her counsel was ineffective in connection with her first motion to reopen, she does not address the BIA's determination that her ineffective assistance of counsel claim failed to comply with the requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), *overruled in part by Matter of Compean*, 24 I. & N. Dec. 710 (BIA 2009). She has thus abandoned any challenge to the procedural basis for the denial of her motion to reconsider. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

Two notices of Gonzalez-Martinez's January 1993 deportation hearing were sent to the Fair Oaks, Houston, Texas, address that was reported to the Immigration and Naturalization Service (INS) in December 1992. Because Gonzalez-Martinez failed to appear for the deportation hearing, she was ordered deported in absentia.

Gonzalez-Martinez argued in her second motion to reopen that she never received notice of her hearing; that her address in 1992 was 2008 Dismuke Street, Houston, Texas; and that, even if she had received notice of her hearing, exceptional circumstances warranted reopening her case because she was, at the time of the hearing, in the hospital. The record supports the BIA's finding, however, that Gonzalez-Martinez was personally served with an Order to Show Cause (OSC) and that, when she signed the OSC, it reflected either the INS detention facility or the Fair Oaks address as her current address. If, after signing the OSC, Gonzalez-Martinez's address changed, she had the responsibility of notifying the immigration court of the change. *See Lopez-Dubon v. Holder*, 609 F.3d 642, 647 (5th Cir. 2010).

No. 14-60600

Under our precedent, the hearing notice requirement was satisfied. *See id.*; *see also* 8 U.S.C. § 1252b (West 1993) (repealed Sept. 30, 1996); *Ojeda-Calderon v. Holder*, 726 F.3d 669, 673 (5th Cir. 2013) ("Because Ojeda's immigration proceedings were initiated prior to the 1996 amendments to the INA, we must apply the notice requirements set forth in former INA § 242B."). Moreover, because Gonzalez-Martinez's motion to reopen was filed more than 180 days following the issuance of her deportation order, her motion to reopen due to exceptional circumstances was untimely. *See* § 1252b(c)(3) (West 1993) (repealed).

As the BIA did not abuse its discretion in denying Gonzalez-Martinez's motions to reconsider and reopen, her petition for review is DENIED. *See Zhao*, 404 F.3d at 303. Gonzalez-Martinez's motion for the appointment of counsel is also DENIED because this case does not present the exceptional circumstances required for such an appointment. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).