# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————————

No. 15-60628
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2016

Lyle W. Cayce
Clerk

DAYAMI ARACELIS CACERES, also known as Dayami Caceres,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

————————————

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 677 137

————————————

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Dayami Aracelis Caceres, a native and citizen of Cuba, petitions for review of the dismissal by the Board of Immigration Appeals (BIA) of the immigration judge's (IJ) denial of her untimely motion to reopen her removal proceedings. Caceres immigrated to the United States in 2000 and became a lawful permanent resident. In 2005, however, she pleaded guilty to a first-degree felony under Texas law for delivery of between 200 and 400 grams of

————————————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-60628

dihydrocodeinone.  Following deferral of adjudication, she received a sentence of ten years' community supervision.  As a result, the Department of Homeland Security determined in 2009 that Caceres was removable and proceeded to affect her removal.

Caceres conceded her removability to the IJ, but sought withholding of her removal, citing the Convention Against Torture (CAT).  The Government substituted the charge against Caceres, and she once again conceded removability and sought CAT relief.  In July 2012, the IJ rejected Caceres' contentions, determining:  her Texas conviction constituted a particularly serious crime (PSC) under 8 U.S.C. § 1231(b)(3)(B)(ii); and, she was not entitled to relief under the CAT for failure to show she was likely to be tortured upon return to Cuba.  More than a year later, Caceres moved to re-open her removal proceedings, raising numerous issues, but the IJ denied relief because, *inter alia*, her motion was untimely.  The BIA upheld the IJ's ruling.

We have jurisdiction to review the BIA's denial of a motion to reopen based on untimeliness.  *Mata v. Lynch,* 135 S. Ct. 2150, 2155–57 (2015).  Such review, however, is "under a highly deferential abuse-of-discretion standard".  *Barrios-Canteraro v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014).

After the BIA issued its opinion, our court held statutory motions to reopen are subject to equitable tolling.  *Lugo-Resendez v. Lynch*, 831 F.3d 337, 343–44 (5th Cir. 2016).  Although the BIA did not have the benefit of our decision in *Lugo-Resendez*, and thus held equitable tolling was not available to Caceres, we need not remand:  as the BIA determined in the alternative, Caceres is not eligible for relief on the merits of her claims.

Specifically, Caceres is not entitled to proceed on her allegations of ineffective assistance of counsel (IAC) because she failed to comply with *Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988), *overruled by Matter of*

No. 15-60628

*Compean*, 24 I. & N. Dec. 710 (A.G. 7 Jan. 2009) (*Compean I*); *but see Matter of Compean*, 25 I. & N. Dec. 1 (A.G. 3 June 2016) (*Compean II*) (vacating *Compean I*). Although Caceres points out that other circuits excuse an alien's failure to satisfy all the requirements of *Lozada*, our court requires strict compliance. *Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012). Further, Caceres is unable to establish IAC because she has not shown prejudice. *See Lozada*, 19 I. & N. Dec. at 638.

Because Caceres was convicted of an offense relating to a controlled substance, we have jurisdiction to review only constitutional questions or questions of law relating to the agency's determination that the Texas offense constituted a PSC. 8 U.S.C. §§ 1227(a)(2)(B)(i), 1252(a)(2)(C), (D). Caceres' contention that the BIA failed to follow the proper test for addressing whether an offense qualifies as a PSC is reviewable. *See Hakim v. Holder*, 628 F.3d 151, 154–55 & n.1 (5th Cir. 2010). Her assertions, however, are without merit, as the BIA first considered the elements of the state offense to determine whether the conviction could qualify as a PSC, then looked to the facts and circumstances surrounding the offense to evaluate whether the conviction should be categorized as such. *See Matter of N-A-M-*, 24 I. & N. Dec. 336, 342 (BIA 2007). We may not review Caceres' assertion that the BIA should have given more weight to favorable factors indicating that her offense was not a PSC. *See Sung v. Keiser*, 505 F.3d 372, 377 (5th Cir. 2007).

DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.

3