# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 7, 2018

Lyle W. Cayce
Clerk

QINGLIN CHENG,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A095 585 785

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:*

Qinglin Cheng seeks review of the February 10, 2017 decision of the Board of Immigration Appeals (BIA) denying his second motion to reopen removal proceedings. That motion complained that he received ineffective assistance of counsel in relation to his first motion to reopen, which was denied as untimely. Although the BIA recognized that the time and number limitations on motions to reopen could be tolled by ineffective assistance of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

counsel, it determined also that Cheng had not shown that he received ineffective assistance of counsel or that he had complied with the procedural requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988).

To the extent that Cheng complains that the BIA abused its discretion in refusing to reopen his removal proceedings sua sponte, we lack jurisdiction. *See Enriquez-Alvarado v. Ashcroft*, 371 F.3d 246, 248-50 (5th Cir. 2004). The petition for review is DISMISSED IN PART.

Cheng has made no argument with respect to the BIA's *Lozada* determination except to note that, at the time he filed his second motion to reopen, he was proceeding pro se. He has failed to show that the BIA abused its discretion. *See Gonzalez-Martinez v. Lynch*, 603 F. App'x 344, 345 (5th Cir. 2015) (alien abandoned by failing to address challenge to BIA's conclusion that she failed to comply with *Lozada*; citing *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003)); *see also Rodriguez-Manzano v. Holder*, 666 F.3d 948, 953 (5th Cir. 2012) (requiring strict compliance with *Lozada* requirements).

Nor has he shown that a petition for review of the denial of his original motion to reopen would have succeeded; that is, that counsel could have shown that the BIA abused its discretion in determining that the initial motion as untimely. Thus, he has failed to make any showing that he was prejudiced by counsel's representation. *See Caceres v. Lynch*, 672 F. App'x 433, 434 (5th Cir. 2016) (petitioner failed to comply with *Lozada* and did not show prejudice for counsel's alleged ineffective assistance). The petition for review is DENIED IN PART.